UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-22093-CIV-ALTONAGA/DAMIAN

SABRINA BOUKHEIR,

    Plaintiff,

v.

THE DOWNS LAW GROUP, P.A.,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on Defendant, The Downs Law Group, P.A.'s ("Defendant" or "Downs Law"), Motion for Reconsideration of July 13, 2023 Order Following Discovery Hearing, filed July 20, 2023. [ECF No. 39 (the "Motion")].

THIS COURT has considered the Motion, the Response and Reply thereto [ECF Nos. 41 and 44], the relevant authorities, and the pertinent portions of the record and is otherwise fully advised in the premises.

In the Motion now before the Court, Defendant requests this Court reconsider its July 13, 2023 Order in which the Court granted Plaintiff's request for an order compelling Defendant to provide amended responses to Plaintiff's discovery requests; ordered Defendant to provide amended responses that comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and the Court's Discovery Procedures by no later than July 28, 2023; and ordered Defendant to pay Plaintiff's fees and costs incurred in connection with the Motion to Compel. [ECF No. 36]. For the reasons that follow, this Court finds that Defendant has not demonstrated a basis for reconsideration of the Court's prior

ruling and that, upon review of the legal authority now submitted by Defendant in support of the Motion, Defendant has not demonstrated that the Court's decision was clearly erroneous or manifestly unjust.

## RELEVANT BACKGROUND

Plaintiff, Sabrina Boukheir ("Ms. Boukheir"), filed her lawsuit against Downs Law, her former employer, in State Circuit Court on November 28, 2022. [ECF No. 1-1]. While the action was pending in State Court, on January 25, 2023, Ms. Boukheir served her First Request for Production of Documents and First Set of Interrogatories on Downs Law. *See* Mot. at 2. Downs Law served its responses to those discovery requests on March 27, 2023, and on April 26, 2023, Ms. Boukheir filed a motion to compel better responses in the State Court. *Id*. Downs Law also served its First Request for Production on May 16, 2023, while the action was still pending in the State Court. *Id.*

On June 6, 2023, Downs Law timely removed the action to this Court before the motion to compel was heard in the State Court and before Ms. Boukheir served responses to Downs Law's discovery requests. [ECF No. 1].

After the case was removed to this Court, on June 14, 2023, the parties held their discovery and scheduling conference pursuant to Federal Rules of Civil Procedure 16 and 26, following which they filed their Joint Scheduling Report. [ECF No. 5]. The parties agree that during the joint scheduling conference, neither party requested that the discovery served while the case was pending in State Court be voided or that the parties re-serve their discovery pursuant to the Federal Rules. Instead, during the scheduling conference, the parties agreed to extend the deadline within which Ms. Boukheir was required to respond to Downs Law's discovery requests served while the case was pending in State Court. *See* ECF No. 41 at 2 and No. 41-1. With respect to Ms. Boukheir's discovery requests served while the case was

pending in State Court, the parties agree that they engaged in several communications and conferrals regarding Ms. Boukheir's claim that Downs Law's responses were insufficient. Downs Law does not dispute that during those conferrals, it did not raise an issue with responding to the requests on grounds they were null and ineffective or needed to be re-served under the Federal Rules, but, instead, Downs Law asked Ms. Boukheir to update the issues and deficiencies she identified regarding the objections to her discovery requests by citing federal law supporting her challenges. *See* ECF No. 41-2 and No. 44.

Meanwhile, while Ms. Boukheir continued her efforts to get Downs Law to provide better responses to her discovery, on June 20, 2023, Downs Law filed a Motion to Dismiss the Complaint [ECF No. 13], and, shortly thereafter, on June 26, 2023, Downs Law filed a Motion to Stay Discovery [ECF No. 14]. Also on June 26, 2023, Ms. Boukheir filed a Discovery Memorandum requesting the Court compel Downs Law to provide better written responses to her discovery requests that had been served while the case was pending in State Court and compel Downs Law to provide responsive documents. [ECF No. 15]. Downs Law responded to Ms. Boukheir's Discovery Memorandum but did not raise any issue based on the fact that the discovery requests at issue had been served while the case was pending in State Court. *See* ECF No. 21.

On July 13, 2023, the Court held a discovery hearing at which counsel for both parties appeared by Zoom. *See* ECF No. 34. The Court heard from the parties regarding Ms. Boukheir's complaints about the deficiencies with Downs Law's discovery responses and Down's Law's positions regarding those complaints. Toward the latter part of the hearing, when the Court admonished Downs Law's counsel that their objections were insufficient and did not comport with the Federal Rules, Downs Law raised the issue of whether they were even required to comply with the Federal Rules when responding to the discovery requests at

issue since the requests had been served while the case was pending in State Court. Downs Law did not argue that Ms. Boukheir's discovery requests should be null and ineffective because the case had been removed, nor did Downs Law offer any authority for such a position.

The Court admonished Downs Law that they need to comply with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and the undersigned's Discovery Procedures when responding to discovery now that the case is in Federal Court, and the Court further admonished that the responses at issue were very deficient, even by state court rules and standards. Again, Downs Law's counsel did not argue or even suggest that the discovery was null and ineffective. To the contrary, they sought confirmation that Ms. Boukheir would be responding to their discovery requests that had also been served while the case was pending in State Court. Finally, the Court observed that Downs Law's counsel offered no justification for their failure to provide anything other than blanket boilerplate objections or for their failure or refusal to participate in meaningful conferrals with Ms. Boukheir regarding those objections. The Court therefore ordered Downs Law to serve amended responses to Ms. Boukheir's discovery requests by July 28, 2023 (more than two weeks after the hearing and more than 6 months after the discovery was originally served), and, noting their failure to justify their noncompliant responses, the Court ordered Downs Law to pay Ms. Boukheir's attorney's fees and costs incurred in connection with the Discovery Memorandum. *See* ECF No. 36.

## DOWNS LAW'S MOTION FOR RECONSIDERATION

In the Motion now before the Court, Downs Law argues the Court should reconsider its Order to correct clear error or manifest injustice on the grounds the discovery served while the case was pending in state court became "null and ineffective" when the case was removed

to federal court. [ECF No. 39]. According to Downs Law, this Court did not have the authority to compel the parties to comply with discovery requests served before the case was removed to this Court. Downs Law therefore requests this Court reconsider its Order compelling Downs Law to respond to Ms. Boukheir's discovery requests and ordering sanctions and direct that Ms. Boukheir re-serve her discovery requests pursuant to the Federal Rules after the parties have had their Rule 26(f) conference, following which Downs Law indicates it intends to timely respond in compliance with the rules of this Court. [ECF No. 39 at 6].

Ms. Boukheir responds that Downs Law is improperly attempting to use a motion for reconsideration to raise arguments for the first time that could have been raised previously but were not. [ECF No. 41 at 5]. Ms. Boukheir distinguishes the cases cited by Downs Law in support of the contention that discovery served in state court becomes null and ineffective upon removal of a case to federal court on grounds that, unlike the instant case, in most of the cases relied on by Downs Law the discovery responses had not been served before the cases were removed. *Id*. at 7–8. Ms. Boukheir also points out that Downs Law's request that she re-serve her discovery requests after the parties' Rule 26(f) conference makes no sense since they participated in that conference before the Discovery Memorandum was filed and that such relief would contravene Federal Rule of Civil Procedure 1, which requires the just, speedy, and inexpensive determination of matters before the Court. *Id*. at 9.

In its Reply, Downs Law again argues that it raised the issue of whether the Court could compel and/or award fees concerning discovery propounded before a case is removed from state to federal court but that the Court did not provide authority confirming it had the authority to do so. Downs Law reavers that the majority of courts to consider the issue have determined that discovery served before a case is removed to federal court becomes null and

ineffective after removal. According to Downs Law, the Court made its decision based on incorrect law, and, for that reason, it seeks relief by way of a motion for reconsideration. [ECF No. 44 at 3].

## LEGAL STANDARDS

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (Scola, J.) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)). "[T]he grant of a motion to reconsider is an extraordinary remedy employed sparingly." *F & G Rsch., Inc. v. Google Inc.*, No. 06-60905-CIV, 2007 WL 2774031, at *5 (S.D. Fla. Sept. 21, 2007) (Altonaga, J.) (citations omitted). Courts will deny a motion for reconsideration unless there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted). It is well established that arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *F & G Rsch.*, 2007 WL 2774031, at *5 (citation omitted).

## DISCUSSION

The Court has considered the authority cited by the parties and agrees with Downs Law that the majority of courts that have addressed the issue of whether parties must respond to discovery served in state court after a case is removed to federal court have found that such discovery becomes null and ineffective upon removal. *See, e.g.*, *Wilson ex rel. Estate of Wilson v. Gen. Tavern Corp.*, No. 05-81128 CIV, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006); *LCI Constr. of S. Fla., Inc. v. Compass Bank*, No. 12-62515, 2013 WL 12144066, at *1 (S.D. Fla. Jan. 16, 2013); *Curkovic v. Bottling Grp., LLC*, No. 16-cv-1784, 2017 WL 11718379, at *2 (M.D. Fla.

Mar. 28, 2017). However, despite the authority it cites now in seeking reconsideration, Downs Law did not make this argument at any point prior to its Motion for Reconsideration. In fact, Downs Law did request Ms. Boukheir cite federal authority supporting her challenges to its boilerplate objections to her discovery requests, and Downs Law did question, at the hearing before the Court, whether its responses and objections must comply with the federal rules where the discovery was served pursuant to the state rules. However, Downs Law did not at any point argue that it should not have to respond to the discovery requests because they were null and ineffective.

Thus, Downs Law has not demonstrated that it is entitled to reconsideration because its Motion is based entirely on authority it could have but did not raise during or prior to the Discovery Hearing. *See Seacoast Constr., Inc. v. JPMorgan Chase Bank, N.A.*, No. 20-20491-CIV, 2020 WL 9600108, at *4 (S.D. Fla. Aug. 13, 2020) (Altonaga, J.) ("[A party] may not use a motion for reconsideration to raise an argument that could have been — but was not — raised previously."). And, that newly raised authority does not demonstrate that it would be clear error or manifestly unjust for the Court to compel Downs Law to respond to Ms. Boukheir's discovery requests in compliance with the federal rules. Based on a review of the applicable rules and authority, the Court does not agree that it does not have the authority to compel Defendants to respond to such discovery in accordance with the Federal Rules, especially where, as here, Defendants had already responded to the discovery before the case was removed and where Defendants had agreed, after removal, that they would provide responses. *See Brown v. Bottling Grp., LLC*, No. 16-cv-1717, 2017 WL 11485592, at *4 (M.D. Fla. Mar. 28, 2017); *Hughes Bros. Constr., Inc. v. Diamond Plastics Corp.*, No. 22-cv-1357, 2022 WL 16743913, at *2 (M.D. Fla. Nov. 7, 2022).

With regard to Downs Law's challenge, also raised for the first time in the Motion for Reconsideration, regarding the timing of the discovery requests, the Court notes that although Federal Rule of Civil Procedure 26(d)(1) provides that discovery may not be sought before the parties participate in their Rule 26(f) conference, the Rule also provides an exception for when such discovery is authorized by Court Order. This Court has ordered Downs Law to respond to Ms. Boukheir's discovery requests in compliance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's Discovery Procedures, and nothing in the authority cited by Downs Law prevents this Court from so ordering. In any event, the parties had their Rule 26(f) before Ms. Boukheir filed the Discovery Memorandum at issue.

At this point, Ms. Boukheir's discovery requests have been pending for nearly seven (7) months with little more than blanket, boilerplate objections from Downs Law in response. And the deadline set by this Court in its July 13, 2023 Order, directing Downs Law to provide responses in compliance with this Court's rules has come and gone. Now, for the first time, Downs Law requests this Court void Ms. Boukheir's requests and direct her to re-serve them and start the clock over for Downs Law to respond. Their request directly contravenes Rule 1's mandate that the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Insofar as the Court's award of attorney's fees and costs pursuant to Rule 37(a) is concerned, the Court finds that Downs Law has not demonstrated that reconsideration is warranted. Rule 37(a)(5)(A) provides that if a discovery motion is granted,

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

8

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

As set forth at the Discovery Hearing, Downs Law's counsel did not provide substantial justification for its failure to provide better discovery responses or to engage in meaningful conferral with Ms. Boukheir's counsel regarding the discovery, nor did Downs Law's counsel provide any reason why an award of expenses would be unjust under the circumstances.

## CONCLUSION

For the reasons set forth above, the Court finds that Downs Law has failed to demonstrate that reconsideration of this Court's July 13, 2023 Order or that the relief requested in their Motion for Reconsideration is warranted. Accordingly, it is hereby

ORDERED AND ADJUDGED that Downs Law's Motion for Reconsideration of July 13, 2023 Order Following Discovery Hearing [ECF No. 39] is **DENIED**. It is further

ORDERED AND ADJUDGED that Downs Law shall serve responses to Ms. Boukheir's discovery requests in accordance with this Court's July 13, 2023 Order within **five (5) calendar days** of the date of this Order.

Failure to comply with this Order will result in the imposition of sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of August, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record